OPINION
{¶ 1} This matter is before this court upon the appeal of Ahmad Hosseinipour, M.D. ("appellant"), from the decision and entry of the Court of Claims of Ohio, finding in favor of appellee, the State Medical Board of Ohio ("the Board"). Appellant had filed a complaint in the Court of Claims alleging that the Board discriminated against him on the basis of a handicap, in violation of R.C. 4112.01(A)(16)(a)(iii) and4112.02, when it permanently revoked his license to practice medicine and surgery in the state of Ohio. The trial court concluded that appellant had failed to prove that he was entitled to relief on any of the claims that he ultimately presented and rendered judgment in favor of the Board.
 {¶ 2} Appellant filed a notice of appeal in this court, wherein he asserts the following assignment of error:
The trial court committed error when it found appellant had not proven he was of unsound mind when the State Medical Board revoked his license in 1998.
 {¶ 3} By letter dated July 9, 1997, the Board notified appellant that it intended to determine whether to discipline his certificate to practice medicine and surgery based upon conduct alleged to have occurred between February 1995 and April 1997 involving repeated acts of criminal trespassing, aggravated menacing, telephone harassment, domestic violence, and probation violations. Appellant requested a hearing, represented himself, and presented witnesses and exhibits on his behalf. Following the hearing, the hearing examiner concluded that appellant's acts, conduct and/or omissions constituted a violation of the code of ethics and demonstrated an inability to practice according to acceptable and prevailing standards of care by reason of mental illness or physical illness, including, but not limited to, physical deterioration that adversely affects cognitive, motor, or perceived skills, pursuant to R.C. 4731.22(B)(19). The hearing examiner recommended that appellant's certificate to practice medicine and surgery in the state of Ohio be permanently revoked. The Board approved and confirmed the hearing examiner's recommendation and permanently revoked appellant's certificate to practice medicine and surgery in the state of Ohio by order dated February 11, 1999.
 {¶ 4} It is undisupted that appellant did not appeal from this decision. However, approximately two years later, appellant filed a petition for reinstatement of his certificate with the Board. Appellant asserted that, in the time following the hearing, he learned that he had been suffering from HIV Encephalopathy, a form of dementia, at the time of his hearing before the Board. Appellant asserted that the behavior which led to the revocation of his certificate could be explained by the diagnosis of HIV Encephalopathy, and that the Board had discriminated against him on the basis that he had HIV when it permanently revoked his certificate to practice medicine and surgery. Because the Board has the right to permanently revoke a physician's license if the circumstances warrant permanent revocation, the Board informed appellant that it would not consider his petition for reinstatement of his certificate.
 {¶ 5} Thereafter, appellant filed a complaint in the Court of Claims alleging that the Board discriminated against him, in violation of R.C. 4112.02, when it revoked his certificate to practice medicine and surgery due to his behavior and conduct while he was suffering from HIV Encephalopathy. Appellant asserted that the Board further discriminated against him when the Board summarily denied his petition for reinstatement.
 {¶ 6} A hearing was held before a judge of the Court of Claims. At that hearing, in addition to his allegations of discrimination, appellant further asserted that he had been denied due process of law at the hearing before the Board because, at the time of the hearing, he was incompetent as a result of the effects of the HIV Encephalopathy. As such, appellant asserted that he had been incapable of comprehending the nature of the charges against him, incapable of representing himself, and was in such a capacity that the Board could not permanently revoke his license at all.
 {¶ 7} Although the Board had argued that appellant's complaint actually challenged the original revocation of his certificate to practice medicine and surgery and argued that the trial court did not have jurisdiction, the trial court proceeded with the matter and addressed all of appellant's allegations, not just those allegations set forth in his complaint. At the conclusion of the trial, the trial court concluded that appellant had not alleged that there was an employment relationship between himself and the Board and that appellant had admitted, upon cross-examination, that the Board was unaware of his HIV status at the time of the hearing when his certificate was revoked. As such, the court determined that appellant had not met his burden of proving that the Board discriminated against him in violation of R.C. 4112.02 on the basis of his HIV status when it revoked his certificate. Furthermore, the court determined that appellant did not file this action within the two-year statute of limitations provided under R.C. 2743.16(A) and that appellant failed to present evidence to establish that the statute of limitations should have been tolled, pursuant to R.C. 2743.16(C), because he had been of unsound mind. Lastly, the trial court concluded that appellant failed to show that he was mentally incompetent at the time of the hearing before the Board such that he was somehow denied due process of law due to an inability to comprehend the proceedings. The trial court noted that appellant had represented himself, had called witnesses on his behalf, had cross-examined witnesses, and had presented exhibits on his behalf. As such, the trial court entered judgment in favor of the Board, and appellant filed his appeal in this court. For the reasons that follow, we overrule appellant's assignment of error and affirm the judgment of the Court of Claims.
 {¶ 8} In addition to his stated assignment of error, appellant raises several issues in this appeal. We initially note that, although not styled as such in appellant's brief, many of the arguments raised essentially challenge the trial court's findings as being against the manifest weight of the evidence. Under Ohio law, a reviewing court will not reverse a judgment of the trial court as being against the manifest weight of the evidence if such judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. Furthermore, "a reviewing court must be guided by the presumption that the findings of the trial court are correct, as the trial judge is best able to view the witnesses, observe their demeanor, gestures, voice inflections, and use these observations in weighing the credibility of the proffered testimony." Whiting v. Ohio Dept. of Mental Health
(2001), 141 Ohio App.3d 198, 202.
 {¶ 9} R.C. 4112.02 provides, in pertinent part, as follows:
It shall be an unlawful discriminatory practice:
(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
 {¶ 10} R.C. 4112.01(A)(16) provides in pertinent part:
(16)(a) * * * "physical or mental impairment" includes any of the following:
* * *
(iii) Diseases and conditions, including, but not limited to * * * human immunodeficiency virus infection * * * [.]
 {¶ 11} Appellant asserts that the Board discriminated against him when it revoked his certificate on the basis that he had HIV and HIV Encephalopathy.
 {¶ 12} In determining that appellant had failed to prove that the Board discriminated against him in 1998 when the Board permanently revoked his certificate to practice medicine and surgery in the state of Ohio, the trial court specifically noted that appellant had himself testified that the Board was neither aware that he had HIV at the time of the hearing, nor was the Board aware the appellant suffered from HIV Encephalopathy. (Tr. 21, 52, 55.) Because appellant admitted that the Board did not know that he had HIV or HIV Encephalopathy, the trial court concluded that appellant had not demonstrated that the Board discriminated against him when it revoked his license to practice medicine on the basis that he had HIV.
 {¶ 13} After reviewing the transcript of proceedings, including appellant's admissions that the Board was unaware that appellant had HIV or HIV Encephalopathy, this court finds that the trial court's determination that he had not established that the Board discriminated against him on this basis in revoking his certificate to practice medicine and surgery is not against the manifest weight of the evidence.
 {¶ 14} With regard to the statute of limitations and whether or not his mental condition served to toll the statute of limitations, this court notes that R.C. 2743.16(A) provides that "civil actions against the state * * * shall be commenced no later than two years after the date of accrual of the cause of action * * *."
 {¶ 15} As the trial court noted, appellant's certificate was permanently revoked by the Board's order dated February 11, 1999. As such, appellant had until February 11, 2000, to file his discrimination action. Appellant's complaint was filed in the Court of Claims on August 10, 2001, clearly outside the two-year period provided by statute. As such, unless there was a reason that the statute of limitations should be tolled, appellant's complaint was not filed in a timely fashion.
 {¶ 16} R.C. 2743.16(C)(1) provides that the period of limitations prescribed by division (A) shall be tolled pursuant to R.C. 2305.16, which provides, in pertinent part, as follows:
* * * [I]f a person entitled to bring any action * * * is, at the time the cause of action accrues * * * of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. * * *
 {¶ 17} Appellant contends that, because he suffered from HIV Encephalopathy at the time of the hearing before the Board and immediately thereafter until he began receiving treatment for his condition, he was "of unsound mind" such that the statute of limitations should have been tolled.
 {¶ 18} In Drake v. Grant Med. Ctr. (Apr. 9, 1992), Franklin App. No. 91AP-1216, this court stated as follows:
In Bowman v. Lemon (1926), 115 Ohio St. 326, the Ohio Supreme Court stated that when a plaintiff alleged that he was "of unsound mind" such that the statute of limitations should be tolled, a court should consider the record to determine the following:
"* * * [W]hether there is any evidence tending to show any species of mental deficiency or derangement from which the plaintiff was suffering which could prevent him from properly consulting with counsel, preparing and presenting his case, and attending to his affairs, and preclude him from asserting his rights in a court of justice, and, in the event such unsoundness of mind is found to exist, whether the petition in this cause was filed within one year after the removal of such deficiency."Id. at 329-330.
 {¶ 19} In the present case, the trial court had the record from the proceedings before the Board to review. Furthermore, the trial judge specifically questioned appellant at some length, as follows:
DR. HOSSEINIPOUR: And I was not even competent. I mean —
THE COURT: Well, that's what you say, and I have a right to consider your view because you are a doctor. But did you do as has been suggested by counsel, represent yourself at the medical board hearing and call witnesses on your behalf? Is that true?
DR. HOSSEINIPOUR: I was not competent to make this decision. I waived my right to come without a counsel.
THE COURT: But you spent two days —
DR. HOSSEINIPOUR: Right.
THE COURT: — as an incompetent person, representing yourself —
DR. HOSSEINIPOUR: Exactly.
THE COURT: — putting on witnesses —
DR. HOSSEINIPOUR: Right.
THE COURT: — and submitting exhibits —
DR. HOSSEINIPOUR: Exactly. That's —
THE COURT: — and you were incompetent when you were doing all that?
DR. HOSSEINIPOUR: Yes. I — whatever they ask me question, I cooperated with them.
* * *
THE COURT: See, that's the other side of the coin. In my view, if you're incompetent, you can't — you can't be tried in a civil or criminal court, if you're legally incompetent, nor — I understand you couldn't very well appeal. But if you did, as counsel suggests, for two days —
DR. HOSSEINIPOUR: Right.
THE COURT: — represent yourself, call witnesses on your behalf and submit exhibits on your behalf, it raises a question in my mind whether you really were incompetent. You see my point?
DR. HOSSEINIPOUR: Yeah, exactly. I see. * * *
(Tr. 72-74; 76.)
 {¶ 20} Based upon a review of the record, including the materials from the hearing before the Board and the transcript of the proceedings in the trial court, this court concludes that the trial court's determination that appellant failed to show that he was of unsound mind such that the statute of limitations should have been tolled is not against the manifest weight of the evidence.
 {¶ 21} Appellant also challenges the trial court's determination finding that the Board did not discriminate against him when they refused to hold a hearing on his petition to have his certification reinstated on the basis of his having HIV or HIV Encephalopathy.
 {¶ 22} Pursuant to the decisions in State v. White (1987),29 Ohio St.3d 39, and Roy v. Ohio State Med. Bd. (1995),101 Ohio App.3d 352, the Board's authority, pursuant to R.C. 4731.22, to revoke a license includes the authority to revoke it permanently. Tom Dilling, Executive Director for the Board, testified that, once a physician's certificate has been permanently revoked, the Board does not entertain a petition for reinstatement. (Tr. 62-64.) Mr. Dilling indicated that the Board does not consider any petitions for reinstatement of a certificate to practice medicine and surgery where a physician's certificate has been permanently revoked and that the Board's decision in appellant's case had nothing to do with the fact that he had HIV or HIV Encephalopathy. (Tr. 64.)
 {¶ 23} Based upon a review of the record, this court finds that the trial court's determination that appellant had not demonstrated that the Board's refusal to grant him a hearing on his petition for reinstatement was not motivated by discriminatory bias is not against the manifest weight of the evidence.
 {¶ 24} Based upon the foregoing, this court concludes that the decision and entry of the Court of Claims of Ohio in favor of the State Medical Board of Ohio is not against the manifest weight of the evidence and that the trial court did not err when it entered judgment in the Board's favor and against appellant on his complaint alleging that the Board had discriminated against him both in permanently revoking his certificate to practice medicine and surgery in the state of Ohio and in not considering his petition for reinstatement. As such, appellant's sole assignment of error is overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., concur.