DECISION
{¶ 1} Plaintiff-appellant, Lynn B. McCoy, appeals from the Ohio Court of Claims' Civ.R. 12(B)(6) dismissal of her complaint for wrongful termination against defendant-appellee, Toledo Correctional Institution. For the reasons stated below, we affirm.
 {¶ 2} Appellant was a corrections officer for appellee when she was terminated on April 19, 2002, for allegedly failing to report a physical altercation and for subsequently lying to investigators. Claiming her termination actually resulted from both a racial and sexual discriminatory motive, appellant initiated her action against appellee on June 25, 2004. Appellee countered with a motion to dismiss, pursuant to Civ.R. 12(B)(6), which allows the dismissal of a complaint on the grounds of failure to state a claim upon which relief can be granted. Specifically, appellee asserted that appellant did not file her complaint within the two-year limitation on actions contained in the Court of Claims Act, codified at R.C. 2743.16(A). That statute provides:
* * * [C]ivil actions against the state permitted by sections 2743.01
to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties.
 {¶ 3} The trial court agreed with appellee that appellant did not timely file her action, and so dismissed her complaint. Appellant now assigns the following as error:
It was error to dismiss a discrimination case based upon the two-year statute of limitations contained in O.R.C. § 2743.16(A).
 {¶ 4} As authority, appellant relies upon this court's decision inSenegal v. Ohio Dept. of Rehab. Corr. (Mar. 10, 1994), Franklin App. No. 93API08-1161. In that case, a panel of this court reversed the dismissal of an employment discrimination action on the grounds that, because the state consented to be sued in accordance with the same rules of law applicable to suits between private parties, the two-year statute of limitations contained in R.C. 2743.16(A) did not apply and the plaintiff instead could avail himself of the six-year statute of limitations contained in R.C. 4101.17.
 {¶ 5} Appellee attempts to distinguish Senegal on the basis that it dealt with a different type of discrimination claim from that advanced by appellant, and also asserts that intervening changes in the appropriate statute of limitations for discrimination actions rendered Senegal
inapposite. These are distinctions without a difference, however, since our reading of Senegal suggests it is factually similar enough that, were it still good law, it would apply here.
 {¶ 6} However, our review of this court's jurisprudence indicates that virtually no other case has favored a longer statute of limitations contained in another Ohio Revised Code section over the specific two-year limit contained in R.C. 2743.16(A). Indeed, several more recent cases, three of them involving discrimination claims, have accepted, without discussion, the application of the two-year limit. See Ripley v. OhioBur. of Emp. Serv., Franklin App. No. 04AP-313, 2004-Ohio-5577;Hosseinipour v. State Med. Bd. of Ohio, Franklin App. No. 03AP-512, 2004-Ohio-1220; Obasuyi v. Wright State Univ., Franklin App. No. 02AP-300, 2002-Ohio-5521; Schaub v. Div. of State Hwy. Patrol (Mar. 5, 1996), Franklin App. No. 95APE08-1107.
 {¶ 7} We agree with these more recent decisions that the two-year statute of limitations applies. Appellant, however, points to R.C.2743.02(A)(1), in which the state waives its immunity from liability and consents to be sued in the Court of Claims. That section further provides: "To the extent that the state has previously consented to be sued, this chapter has no applicability." Appellant argues that, because the state consented to be sued for discrimination as an "employer" under R.C. Chapter 4112, Chapter 2743 — including the two-year statute of limitations under R.C. 2743.16(A) — "has no applicability." We disagree.
 {¶ 8} In Conley v. Shearer (1992), 64 Ohio St.3d 284, the Ohio Supreme Court explained the history of sovereign immunity in Ohio. The court explained that, in 1912, the Ohio Constitution was amended to allow actions to be brought against the state, but that the amendment was not self-executing. It was not until 1975 that "the General Assembly enacted legislation creating the Court of Claims and specifying the forum and manner in which actions may be brought against the state and its officers and employees." Id. at 286. That 1975 legislation also included the provision upon which appellant relies: "To the extent that the state has previously consented to be sued, this chapter has no applicability." Id.
 {¶ 9} Here, appellant brings her claim under R.C. 4112.02(A), which prohibits any "employer," including the state, from discriminating based on race or sex. Appellant seeks relief under R.C. 4112.99, which provides: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." Appellant does not cite to any statute under which the state consented to be sued for such damages prior to 1975, or to any case finding such consent. In fact, the Ohio General Assembly did not change R.C. 4112.99 to provide for civil actions for damages and other relief for violations of R.C. Chapter 4112 until 1987 — well after the enactment of the Court of Claims Act. See Am.H.B. No. 5 of the 117th General Assembly, 1987 Session Laws (Baldwin's 1987). Thus, for purposes of R.C. 2743.02, the state had not "consented to be sued" for damages for race or sex discrimination prior to the enactment of the Court of Claims Act, and the two-year statute of limitations applies to such actions.
 {¶ 10} For these reasons, we can only conclude that, although Senegal
indeed stands for the principle for which appellant cites it, as precedent it is an aberration and does not represent existing law on this court's application of the Court of Claims Act's statute of limitations.
 {¶ 11} Based upon these considerations, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
Klatt and McGrath, JJ., concur.