OPINION
{¶ 1} Appellant, Kenneth D. McFadden ("appellant"), filed this appeal seeking reversal of the decision by the Ohio Court of Claims granting summary judgment in favor of appellee, Cleveland State University ("appellee"), on appellant's claim of race discrimination. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} Appellant was employed by appellee from January 8, 1998 until June 11, 2003. On October 26, 2005, appellant filed an action against appellee in the Cuyahoga County Court of Common Pleas alleging race discrimination. On December 16, 2005, appellant dismissed the Cuyahoga County action without prejudice pursuant to Civ.R. 41(A). On January 30, 2006, appellant then re-filed this action in the Ohio Court of Claims. Upon appellee's motion for summary judgment, the trial court dismissed appellant's claim on the grounds that the claim was time barred due to the expiration of the two-year statute of limitations period set forth in R.C. 2743.16.
 {¶ 3} Appellant filed this appeal, alleging two assignments of error:
 (1) The trial court erred in dismissing Plaintiff — Appellant's claims brought under [R.C] 4112 et seq. because it failed to apply the six (6) year statute of limitations contrary to this Court's decision in Senegal v. Ohio Dept of Rehab. Corr. (March 10, 1994), Franklin App. No. 93API08-1161.
 (2) The trial court's application of [R.C] 2743.16(A) is an Unconstitutional Denial of Equal Protection.
 {¶ 4} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels.Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.
 {¶ 5} Appellant's first assignment of error involves the question of which statute of limitations applies to appellant's claims: the two-year statute set forth in R.C. 2743.16(A) or the six-year statute set forth in R.C. 4112.99. The parties have pointed to two conflicting decisions issued by this court. In the first, Senegal v. Ohio Dept. of Rehab. Corr. (March 10, 1994), Franklin App. No. 93AP108-1161, we held that the six-year statute of limitations applied. In the more recent case, we specifically declined to follow Senegal and held that the two-year statute of limitations applies. McCoy v. Toledo Corr. Inst., Franklin App. No. 04AP-1098, 2005-Ohio-1848.
 {¶ 6} In both cases, resolution turned on an application of R.C.2743.02(A)(1), in which the state waived its immunity from liability. The relevant language in that section states that, "To the extent that the state has previously consented to be sued, this chapter has no applicability." In Senegal, we concluded that the state was included within the definition of "employer" for purposes of the age discrimination statute, and therefore had consented to be sued prior to the enactment of Chapter 2743. Thus, the two-year statute of limitations in R.C. 2743.16 did not apply, and we concluded that the six-year limitation period for liability established by statute set forth in R.C.2305.07 was the proper limitation period.
 {¶ 7} In McCoy, we initially rejected an attempt to distinguishSenegal on the grounds that Senegal involved an age discrimination claim brought under R.C. 4101.17 (since renumbered as R.C. 4112.14) rather than race and gender discrimination claims under R.C.4112.02. In rejecting this argument, we stated that "our reading of Senegal suggests it is factually similar enough that, were it still good law, it would apply here." McCoy, supra at ?5. We then pointed out that no other decisions had accepted the six-year statute of limitations and, in fact, a number of decisions had specifically applied the two-year statute of limitations. Id. at 6, citing Ripley v. Ohio Bur. Of Emp. Serv., Franklin App. No. 04AP-313, 2004-Ohio-5577; Hosseinipour v. State Med.Bd. Of Ohio, Franklin App. No. 03AP-512, 2004-Ohio-1220; Obasuyi v.Wright State Univ., Franklin App. No. 02AP-300, 2002-Ohio-5521;Schaub v. Div. Of State Hwy. Patrol, (Mar. 5, 1996), Franklin App. No. 95APE08-1107.
 {¶ 8} Finally, we noted that R.C. 4112.99 was amended to allow suits for money damages against the state for discrimination in 1987, well after the adoption of Chapter 2743 in 1975. Since no other statutory provisions or cases evidencing the state's consent to be sued for money damages prior to 1975 could be cited, we concluded that the two-year limitations period set forth in R.C. 2743.16 applied. Id. at ?9.
 {¶ 9} Appellant argues that we erred in McCoy by failing to recognize that from the time of its enactment in 1959, Chapter 4112 has included provisions for bringing discrimination claims against the state as an employer, and the state therefore did consent to be sued for discrimination prior to the enactment of Chapter 2743. However, this argument misses the point that, while a plaintiff claiming discrimination could bring an action against the state seeking a remedy other than money damages prior to creation of the Court of Claims, money damages were not available as a remedy until the 1987 amendment to R.C.4112.99. The state could not have consented to waive its sovereign immunity for purposes of a remedy that was not available at the time of that waiver.
 {¶ 10} We believe McCoy more accurately reflects the law applicable to appellant's claim. Therefore, we reiterate the holding fromMcCoy that the two-year statute of limitations in R.C. 2743.16 applies to claims such as appellant's that seek monetary damages for discrimination against the state. To the extent that we did not explicitly overrule Senegal in our decision in McCoy, we do so now. Consequently, we find the Court of Claims correctly concluded that appellant's claim was not timely filed, and we overrule appellant's first assignment of error.
 {¶ 11} In his second assignment of error, appellant argues that application of the two-year statute of limitations rather than the six-year statute of limitations constitutes a denial of equal protection in violation of the United States and Ohio Constitutions. Appellant claims this application creates two separate classes — private sector employees and public sector employees — and treats them differently for purposes of bringing discrimination claims. Appellant argues that this is a denial of access to the courts, a fundamental right that requires the state to show that creation of the classes is supported by a compelling governmental interest.
 {¶ 12} Appellant failed to raise this issue before the trial court. Thus, appellant waived the issue, and we need not consider on appeal.Abraham v. Natl. City Bank Corp. (1990), 50 Ohio St.3d 175,553 N.E.2d 619. Therefore, appellant's second assignment of error is overruled.
 {¶ 13} Having overruled appellant's assignments of error, we affirm the decision of the trial court.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.