McFADDEN, Appellant,

v.

CLEVELAND STATE UNIVERSITY, Appellee.

[Cite as *McFadden v. Cleveland State Univ.,* 170 Ohio App.3d 142, 2007-Ohio-939.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–638.

Decided March 6, 2007.

Dennis J. Niermann Co., L.P.A., and Dennis J. Niermann, for appellant.

Marc Dann, Attorney General, and Randall W. Knutti, Assistant Attorney General, for appellee.

SADLER, Presiding Judge.

{¶ 1} Appellant, Kenneth D. McFadden, has filed an application pursuant to App.R. 26(A) seeking reconsideration of our decision rendered in this case on January 25, 2007, 2007-Ohio-298. Specifically, appellant argues that our decision cannot stand because we specifically overruled a prior decision of this court without employing en banc proceedings to do so. Appellee, Cleveland State University, filed no response to the application. For the reasons that follow, we deny appellant's application for reconsideration.

{¶ 2} The proper standard for our review of an application for reconsideration is whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, citing *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens* (1996), 112 Ohio App.3d 334, 336, 678 N.E.2d 956.

{¶ 3} Appellant's application does not point to any issue regarding the substantive merits of our decision. The issue in this case involved the statute of limitations to be applied to employment-discrimination actions brought by state employees in the Court of Claims. Following our holding in *McCoy v. Toledo Corr. Inst.*, Franklin App. No. 04AP–1098, 2005-Ohio-1848, 2005 WL 914664, we held that the statute of limitations applicable to appellant's claim is the two-year period set forth in R.C. 2743.16. In doing so, we, like the panel in *McCoy*, declined to follow our earlier decision in *Senegal v. Ohio Dept. of Rehab. & Corr.* (March 10, 1994), Franklin App. No. 93 API08–1161, 1994 WL 73895, which applied the six-year statute of limitations set forth in R.C. 4112.99 to such claims. We then took the additional step taken only implicitly by the panel in *McCoy* and specifically overruled *Senegal*.

{¶ 4} Appellant does not argue that we failed to consider any issue related to the applicable statute of limitations. Instead, appellant argues that we failed to follow the proper procedure to resolve the conflict between *Senegal* and *McCoy* because the Ohio Supreme Court has held that conflicts between cases from the same appellate district must be resolved through the use of en banc proceedings in *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851. Appellant recognized the conflict between the two conflicting cases in his briefing but did not submit *In re J.J.* as supplemental authority when it was decided shortly

before oral argument and thus is raising the issue for the first time after we rendered our decision.

{¶ 5} *In re J.J.* involved the issue of whether the improper transfer of a case by a magistrate to a visiting judge deprived the visiting judge of jurisdiction over the case so that all decisions rendered were void, even though no objection had been made to the transfer. The Eighth District Court of Appeals had held that the visiting judge's actions were void, even in the absence of an objection. On the same date that the Eight District rendered its decision in *J.J.*, it also rendered a decision in a separate case reaching the opposite result, holding that that the failure to object to the transfer waived any jurisdictional issue.

{¶ 6} The Supreme Court resolved the merits of the jurisdictional question by holding that the magistrate's order transferring the case to a visiting judge, while improper, did not deprive the court of subject-matter jurisdiction over the case. The court further held that the failure to object to the transfer order at the time it was made resulted in waiver of the objection. 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, at ¶ 16. The Supreme Court then added a discussion regarding the Eighth District's failure to have resolved the conflict between the two decisions that had been rendered on the same day but had reached opposite conclusions. The court stated, "Appellate courts are duty-bound to resolve conflicts within their respective appellate districts through en banc proceedings." Id. at paragraph two of the syllabus.

{¶ 7} The court relied on the fact that the Eighth District has for several years followed a formally adopted procedure for the use of en banc proceedings. Article 8(b)(ii) of the Eighth District's Standing Resolution of the Rules for the Conducting of Court Business. However, the court was not asked to address the question of whether the use of en banc proceedings by district courts of appeals is constitutional.

{¶ 8} We have previously held that the use of en banc proceedings would violate the Ohio Constitution. *Schwan v. Riverside Methodist Hosp.* (Feb. 25, 1982), Franklin App. No. 81AP–158, 1982 WL 3997. Section 3(A), Article IV of the Ohio Constitution provides, "The state shall be divided by law into compact appellate districts in each of which there shall be a court of appeals consisting of three judges. * * * In districts having additional judges, three judges shall participate in the hearing and disposition of each case." Use of en banc proceedings would appear to result in more than three judges on an appellate court participating in the hearing and disposition of a case.

{¶ 9} It is also not clear that our decision in this case presents a conflict of the sort the Supreme Court was considering in the *In re J.J.* decision. In that case, the two conflicting decisions were released on the same date, giving rise to

the legitimate concern that attorneys practicing in the Eighth District would have no way of knowing which of the two conflicting cases would be the controlling law to be applied in subsequent cases within that district. In this case, the two conflicting decisions, *Senegal* and *McCoy*, were decided in 1994 and 2005, respectively. Our decision to follow *McCoy* and apply the two-year statute of limitations to claims such as appellant's creates no risk of confusion among the members of the bar practicing before us about which statute of limitations applies, thus eliminating the concern identified by the Supreme Court. More-over, even if we had not elected to specifically overrule *Senegal*, we would still have followed the *McCoy* decision, applying the general rule that the more recent decision on a specific issue is the controlling precedent. See, e.g., *Miller v. Lindsay–Green, Inc.*, Franklin App. No. 04AP–848, 2005-Ohio-6366, 2005 WL 3220215.

{¶ 10} Finally, even assuming that the Supreme Court's decision in the *In re J.J.* case does impose a duty upon the Tenth District as a whole to resolve the conflict through some form of en banc proceedings, and that such proceedings would be constitutionally permissible, our decision in this case in effect resolved the conflict between *Senegal* and *McCoy* in the same manner that formal en banc proceedings would. Between our decision in this case and the decision of the panel in *McCoy*, five of the eight sitting judges on this court have held that claims such as appellant's are subject to the two-year statute of limitations set forth in R.C. 2743.16. There is no reason to believe that more formal en banc proceedings would produce a different result.

{¶ 11} Consequently, appellant's application for reconsideration is hereby denied.

Application for reconsideration denied.

BRYANT and MCGRATH, JJ., concur.