OPINION
{¶ 1} Plaintiff-appellant, Reggie Anglen, appeals from a judgment of the Ohio Court of Claims granting the motion to dismiss of defendant-appellee, The Ohio State University ("OSU"), premised on plaintiff's failure to commence his action within the applicable statute of limitations. Because the trial court properly determined R.C. 2743.16
bars plaintiff's claims, we affirm.
 {¶ 2} On April 21, 2006, plaintiff filed a complaint in the Court of Claims. In it he alleged that he, an African-American, had been an employee of OSU, and although he *Page 2 
was handicapped by blindness, he was able to perform the duties of his position as a media relations coordinator until he was discharged from employment on April 23, 2002. He asserted that at the time of his discharge he was over 40, and that a person under the age of 40 filled the position he once held. According to the complaint, plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") on August 6, 2002, alleging handicap and age discrimination; the EEOC closed its file on the charge on January 14, 2003.
 {¶ 3} In the meantime, pursuant to OSU's letter advising that plaintiff could reapply for employment at any time in the future, plaintiff reapplied on six separate occasions during 2002 and 2003. According to the complaint, in each instance OSU, "whether motivated by retaliatory animus for his filing of the EEOC Charge or by simple discriminatory animus, refused to consider his application and did not even allow him to interview for any of the positions he sought." (Complaint, ¶ 12.)
 {¶ 4} Set out in five counts, the complaint alleges handicap discrimination, age discrimination, racial discrimination, wrongful discharge in violation of public policy, and breach of contract. In response to plaintiff's complaint, OSU filed a motion to dismiss. Citing this court's opinion in McCoy v. Toledo Corr. Inst, Franklin App. No. 04AP-1098, 2005-Ohio-1848, OSU asserted that because plaintiff did not file his action within two years of any of the relevant dates in the complaint, the statute of limitations set forth in R.C. 2743.16 bars his action. Relying heavily on this court's opinion in Senegal v. Ohio Dept.of Rehab. Corr. (Mar. 10, 1994), Franklin App. No. 93API08-1161, plaintiff contended the six-year statute of limitations set forth in R.C. 2305.07 applies to actions for age discrimination. *Page 3 
 {¶ 5} Following OSU's reply memorandum, the Court of Claims issued an entry of dismissal on August 10, 2006, finding the statute of limitations set forth in R.C. 2743.16 barred each of the causes of action set forth in plaintiff's complaint. Plaintiff appeals, assigning two errors:
 1. The Ohio Court of Claims erred as a matter of law by failing to apply the six year statute of limitations in Senegal v. Ohio Department of Rehabilitation and Correction, (March 10, 1994), Franklin App. No. 98API08-1161 (unreported).
 2. The Ohio Court of Claims erred as a matter of law by ignoring Plaintiff Appellant's argument that Ohio Rev. Code § 2743.16(A), as applied, is unconstitutional.
 I. Second Assignment of Error
 {¶ 6} We first address plaintiff's second assignment of error. In it, he contends he will be deprived of equal protection of the law if the state is permitted to invoke the two-year statute of limitations in R.C.2743.16(A). Asserting that the disparity between the statute of limitations applicable to lawsuits generally and that applied to actions against the state should be subject to a strict-scrutiny standard of review, plaintiff contends the statute of limitations in R.C. 2743.16
must be declared unconstitutional as applied to him.
 {¶ 7} Under R.C. 2743.02(A)(1), the state "waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter * * *." R.C. 2743.16, as relevant here, provides that all actions against the state must be commenced no later than two years after the date of the accrual of the cause of action. *Page 4 
 {¶ 8} The analysis of plaintiff's equal protection contentions depends on the nature of the interest involved. "Under the equal protection clause, in the absence of state action impinging on a fundamental interest or involving a suspect class, a rational basis analysis is normally used. Where the traditional rational basis test is used great deference is paid to the state, the only requirement being to show that the differential treatment is rationally related to some legitimate state interest." Conley v. Shearer (1992), 64 Ohio St.3d 284, 289, quoting State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, 11.
 {¶ 9} Plaintiff claims a disparity exists between the statute of limitations governing a public employee's action against the state as employer and that applicable to non-public employees' actions against their non-state employers. The asserted classes, public employees and non-public employees, set forth no suspect classification and involve no fundamental right. Accordingly, we apply the rational basis test to plaintiff's contentions.
 {¶ 10} Without question, plaintiff's action against the state must be commenced more quickly than a similar action against a non-state entity. Because, however, the state voluntarily consented to be sued, it may limit its waiver of sovereign immunity and "qualify and draw perimeters around the granted right [to sue] without violating equal protection."Conley, supra, at 291, citing Grange Mut. Cas. Co. v. Columbus (1989),49 Ohio App.3d 50, 52. Within these parameters, "[s]o long as the laws are applicable to all persons under like circumstances and do not subject individuals to an arbitrary exercise of power and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws."Conley, at 288-289. Here, all state employees who seek to sue the state are treated similarly. Although the challenged statute applies a different time period for state, as compared to private, *Page 5 
employees who seek to sue their employers, the statute passes constitutional review under the rational basis test because a limit on the state's liability has its rational basis in the conservation of fiscal resources. Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27,29.
 {¶ 11} Indeed, "[t]his court has held on several previous occasions that the statute of limitations included in R.C. 2743.16 does not violate the equal protection or due process clauses of the Ohio Constitution or the United States Constitution." Thompson v. Ohio Dept.of Transp. (Nov. 26, 1996), Franklin App. No. 96API04-497, quotingStanton v. Ohio State Univ. Hosp. (Mar. 13, 1979), Franklin App. No. 78AP-611. Plaintiff, however, contends Stanton, on whichThompson relied, is factually distinguishable from the present case.
 {¶ 12} In Stanton, the court initially addressed former R.C.2743.16(D), a provision that was directed to plaintiffs who failed to timely file a written notice of intention to sue. Under R.C. 2743.16(D), the court had the discretion to allow the plaintiff to file a claim within two years of the accrual of the action if the state had knowledge of the essential facts constituting the civil action prior to the expiration of the 180-day notice period. This court determined the plaintiff in that action should be allowed the opportunity for an evidentiary hearing to demonstrate good cause for filing beyond 180 days.
 {¶ 13} In addition, however, the court addressed Stanton's contention that R.C. 2743.16(A) violated the equal protection clauses of the Ohio and United States Constitutions. In resolving the issue,Stanton specifically held that R.C. 2743.16(A) does not violate the equal protection or due process clauses of the Ohio or United States *Page 6 
Constitutions. Accordingly, plaintiff's attempts to distinguishStanton and Thompson are unavailing.
 {¶ 14} Similarly unavailing are plaintiff's contentions that R.C.2743.16(A) violates equal protection by limiting his access to the courts in violation of Section 16, Article I of the Ohio Constitution, which provides: "All courts shall be open, and every person, for an injury done him * * * shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law." Because plaintiff's right to sue the state is created by the legislature, plaintiff's constitutional right to access to the courts is limited by the conditions set forth within the statute, including the applicable statute of limitations. As a result, plaintiff's untimely filing under R.C. 2743.16(A) does not prevent him access to the courts, but extinguishes his right to sue the state under R.C. 2743.02(A)(1). Accordingly, plaintiff's second assignment of error is overruled.
II. First Assignment of Error
 {¶ 15} Plaintiff's first assignment of error asserts the trial court erred as a matter of law in failing to apply a six-year statute of limitations pursuant to Senegal, supra. Although Senegal applied a six-year statute of limitations to an age discrimination claim in the Court of Claims, subsequent decisions from this court implicitly rejected Senegal and applied the two-year statute of limitations contained in R.C. 2743.16(A). See, e.g., Ripley v. Ohio Bur. of Empl.Serv., Franklin App. No. 04AP-313, 2004-Ohio-5577, at ¶ 20 (applying R.C. 2743.16 to a hostile environment sexual harassment action under R.C. 4112.02). *Page 7 
 {¶ 16} Noting that we tacitly rejected Senegal in cases decided after it, this court in McCoy, supra, observed that Senegal as precedent "is an aberration and does not represent existing law on this court's application of the Court of Claims Act's statute of limitations."McCoy, at ¶ 10. Accordingly, we applied the two-year statute of limitations set forth in R.C. 2743.16(A) to McCoy's complaint for discriminatory termination under R.C. 4112.02(A). We, however, did not explicitly overrule Senegal.
 {¶ 17} Because we did not overrule Senegal, plaintiff contends it remains viable law properly applied to his complaint. Subsequent to plaintiff's brief and oral argument in this matter, this court held inMcFadden v. Cleveland State Univ., Franklin App. No. 06AP-638,2007-Ohio-298, that the statute of limitations found in R.C. 2743.16(A) applies to claims of race discrimination filed in the Court of Claims. In so concluding, this court stated that "McCoy more accurately reflects the law applicable to appellant's claim. Therefore, we reiterate the holding from McCoy that the two-year statute of limitations in R.C.2743.16 applies to claims such as appellant's that seek monetary damages for discrimination against the state." Id. at ¶ 10. To eliminate further question on the viability of Senegal, McFaddon states that "[t]o the extent that we did not explicitly overrule Senegal in our decision inMcCoy, we do so now." Id.
 {¶ 18} As a result, Senegal no longer remains precedent for applying anything but a two-year statute of limitations to discrimination claims filed against the state in the Court of Claims. Moreover, to the extent plaintiff requested that we certify a conflict between Senegal andMcCoy, (1) that conflict no longer exists, and (2) the procedure for certified conflicts does not apply to conflicts existing within an appellate district. In re J.J., *Page 8 111 Ohio St.3d 205, 2006-Ohio-5484, paragraph three of the syllabus. Accordingly, plaintiff's first assignment of error is overruled.
 {¶ 19} Having overruled both of plaintiff's assignments of error, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
 SADLER, P.J., and PETREE, JJ., concur. *Page 1