**McFADDEN, Appellant,**

v.

**CLEVELAND STATE UNIVERSITY, Appellee.**

[Cite as *McFadden v. Cleveland State Univ.*, 180 Ohio App.3d 810, 2009-Ohio-362.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 06AP–638.

Decided Jan. 29, 2009.

Dennis J. Niermann Co., L.P.A., and Dennis J. Niermann; and Gallagher Sharp and Timothy J. Fitzgerald, for appellant.

Richard Cordray, Attorney General, and Randall W. Knutti, Assistant Attorney General, for appellee.

SADLER, Judge.

{¶ 1} This case is before us on remand from the Supreme Court of Ohio for consideration of whether we should convene en banc proceedings in order to resolve a conflict between separate decisions of this court regarding the statute of

limitations applicable to discrimination claims brought against the state of Ohio in the Court of Claims.

{¶ 2} In our initial decision on appeal, we followed our decision in *McCoy v. Toledo Correctional Inst.*, Franklin App. No. 04AP–1098, 2005-Ohio-1848, 2005 WL 914664, holding that claims such as appellant's are subject to the two-year statute of limitations set forth in R.C. 2743.16(A). In reaching this conclusion, we rejected appellant's argument that we should follow our decision in *Senegal v. Ohio Dept. of Rehab. & Corr.* (Mar. 10, 1994), Franklin App. No. 93API08–1161, 1994 WL 73895, in which we had applied the six-year statute of limitations contained in R.C. 4112.99 to such claims. In choosing to apply *McCoy*, we noted that a number of prior decisions from this court had declined to follow *Senegal*, instead applying the two-year statute of limitations. *McFadden v. Cleveland State Univ.*, Franklin App. No. 06AP–638, 2007-Ohio-298, 2007 WL 184828 ("*McFadden I*"), at ¶ 7. We concluded that "[t]o the extent that we did not explicitly overrule *Senegal* in our decision in *McCoy*, we do so now." Id. at ¶ 10.

{¶ 3} Appellant filed an application for reconsideration, arguing that we were required to convene en banc proceedings in order to specifically overrule a prior decision of this court. Appellant relied on the decision by the Supreme Court of Ohio in *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, in which the Supreme Court had held that the Eighth District Court of Appeals was required to convene en banc proceedings in order to resolve a conflict between two of that court's decisions, in which the court had issued opinions on the same date reaching opposite conclusions on the same issue. Id. at ¶ 17.

{¶ 4} We denied appellant's application for reconsideration. Initially, we noted that in briefing, appellant had recognized the conflict between *Senegal*, 1994 WL 73895, and *McCoy*, 2005-Ohio-1848, 2005 WL 914664, but had not suggested that en banc proceedings were required until we decided to follow *McCoy*. *McFadden v. Cleveland State Univ.*, 170 Ohio App.3d 142, 2007-Ohio-939, 866 N.E.2d 82 ("*McFadden II*"), at ¶ 4. Noting that we had held in prior cases that en banc proceedings would violate Section 3(A), Article IV of the Ohio Constitution (the court in *J.J.* had not addressed the constitutionality of such proceedings), we went on to reject appellant's argument that we were required to hold en banc proceedings because (1) our decision to follow *McCoy* did not create the type of conflict that existed in *J.J.*, in which the appellate court had issued the conflicting decisions on the same day, but instead involved an application of the principle that the more recent decision on a specific issue is controlling precedent, *McFadden II* at ¶ 9; and (2) between our decision in *McFadden I* and *McCoy*, five of the eight judges on this court had decided that the statute of limitations applicable to claims such as appellant's is the two-year statute of limitations, thus

making it unnecessary for us to convene more formal en banc proceedings. *McFadden II* at ¶ 10.

{¶ 5} Initially, the Supreme Court of Ohio declined to take the appeal of our decision. *McFadden v. Cleveland State Univ.*, 114 Ohio St.3d 1509, 2007-Ohio-4285, 872 N.E.2d 951. On reconsideration, the court accepted the appeal. *McFadden v. Cleveland State Univ.*, 115 Ohio St.3d 1445, 2007-Ohio-5567, 875 N.E.2d 104. The court held that en banc proceedings do not violate Section 3(A), Article IV of the Ohio Constitution. *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 17.

{¶ 6} In remanding the case, the court specifically stated that because we did not formally deny en banc proceedings when the case was before us, on remand, we should "determine whether en banc proceedings are appropriate in this case." Id. at ¶ 1. The first issue on remand is for us to determine who decides whether a conflict requiring en banc proceedings exists: the original panel or the court as a whole.

■ {¶ 7} Prior to its decision finding that en banc proceedings do not violate the Ohio Constitution, the Supreme Court of Ohio had proposed App.R. 25.1, which would have allowed a majority of the judges in an appellate district to determine that a case should be heard or reheard en banc in order to resolve a conflict within the district. That rule was withdrawn pending the court's decision on the constitutional issue, and it does not appear that any steps have been taken to reintroduce the rule. In the absence of a rule regarding the determination of whether a conflict exists, we believe the determination should be made by the panel to which the case was assigned.

{¶ 8} Having decided that the initial determination regarding the existence of a conflict requiring en banc proceedings will be made by the panel, we must now determine whether such a conflict exists in this case. In *McFadden II*, we distinguished the conflict that had occurred in *J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, because that case involved conflicting decisions that were issued on the same day, which created the distinct risk of confusion on the part of attorneys practicing in the Eighth District regarding which decision represented the controlling law in the district. *McFadden II*, 170 Ohio App.3d 142, 2007-Ohio-939, 866 N.E.2d 82, ¶ 9.

■ {¶ 9} We now specifically conclude that our decision in *McFadden I* does not represent a conflict requiring resolution through the conduct of en banc proceedings. The conflict regarding the applicable statute of limitations arose, at the latest, when this court issued the decision in *McCoy*, 2005-Ohio-1848, 2005 WL 914664, specifically concluding that *Senegal*, 1994 WL 73895, was no longer good law. Even then, as we noted in *McFadden I*, *McCoy* did not represent the

first time this court had declined to follow *Senegal*, as a number of decisions issued during the 11–year period between the *Senegal* and *McCoy* decisions also applied the two-year statute of limitations to claims such as appellant's. *McFadden I*, 2007-Ohio-298, 2007 WL 184828, ¶ 7. Thus, our decision in *McFadden I*, while being the first decision to explicitly recognize that *Senegal* had been overruled, was not the decision that overruled *Senegal*, and there is no risk of confusion regarding the law applicable to this case and cases like it, such as that which existed in *J.J.* Therefore, our decision in *McFadden I* did not create a conflict that could be resolved only through en banc proceedings.

{¶ 10} Therefore, we deny appellant's motion to present oral argument to this court sitting en banc.

■ {¶ 11} After remand from the Supreme Court of Ohio, appellant also filed a motion asking that we find that *McCoy*, 2005-Ohio-1848, 2005 WL 914664, applies only prospectively to causes of action that accrued after the date of its announcement. We note that appellant did not raise this argument in briefing before us, in his application for reconsideration, or in his appeal before the Supreme Court.[1] Thus, appellant waived this issue by failing to raise it at an earlier date.

■ {¶ 12} Moreover, prospective application of *McCoy* does not meet the standard for such application. Generally, court decisions apply retrospectively, except in cases where contract or other vested rights existed under a prior court decision. *DiCenzo v. A Best Prods. Co.*, 120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132. Otherwise, a court has the discretion to apply a decision prospectively only, but must consider the following factors: (1) whether the decision creates a new principle of law not foreshadowed in prior decisions, (2) whether retrospective application promotes or retards the purpose behind the rule set forth in the new decision, and (3) whether retrospective application causes an inequitable result. Id. at ¶ 25.

■ {¶ 13} In this case, these would be considerations only if *McCoy*, 2005-Ohio-1848, 2005 WL 914664, had actually announced a new principle of law when it found that the two-year statute of limitations applies to discrimination claims brought against the state. However, as previously discussed, a number of cases decided after *Senegal*, 1994 WL 73895, had rejected that decision's application of the six-year statute of limitations in favor of the shorter two-year statute. See, e.g., *Ripley v. Ohio Bur. of Emp. Serv.*, Franklin App. No. 04AP–313, 2004-Ohio-

---

1. In fact, appellant did not appeal our decision regarding the statute of limitations to the Supreme Court, arguing only that we erred in denying his request that we convene en banc proceedings, which he had raised for the first time in his application for reconsideration.

5577, 2004 WL 2361571; *Hosseinipour v. State Med. Bd. of Ohio,* Franklin App. No. 03AP–512, 2004-Ohio-1220, 2004 WL 503941; *Obasuyi v. Wright State Univ.,* Franklin App. No. 02AP–300, 2002-Ohio-5521, 2002 WL 31303273; *Schaub v. Div. of Ohio State Hwy. Patrol* (Mar. 5, 1996), Franklin App. No. 95APE08–1107, 1996 WL 99756. Thus, appellant had no vested rights under *Senegal* at the time his cause of action accrued, and none of the factors for applying discretionary prospective application apply in appellant's favor.

{¶ 14} Consequently, appellant's motion for prospective-only application of *McCoy* is denied.

Motions denied.

BRYANT and McGRATH, JJ., concur.