DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. After accepting guilty pleas, the court found Jay D. Wright, defendant below and appellant herein, guilty of two counts of burglary in violation of R.C. 2911.12 (A)(3).
 {¶ 2} The following errors are assigned for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE RECORD FAILS TO SUPPORT THE TRIAL COURT'S FINDINGS;1) THAT THE SHORTEST PRISON TERM WILL NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME BY APPELLANT; 2)THAT APPELLANT POSES THE GREATEST LIKELIHOOD FOR RECIDIVISM; AND 3)THAT APPELLANT'S HISTORY OF CRIMINAL CONDUCT DEMONSTRATES THAT CONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIMES BY APPELLANT. ACCORDINGLY, THE COURT'S REFUSAL TO IMPOSE THE MINIMUM SENTENCE, ITS IMPOSITION OF MAXIMUM SENTENCES, AND ITS IMPOSITION OF CONSECUTIVE SENTENCES ARE CONTRARY TO LAW. APPELLANT'S SENTENCES VIOLATE HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTION."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT VIOLATED MR. WRIGHT'S RIGHTS UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTIONS 5, 10, AND 16 OR ARTICLE ONE OF THE OHIO CONSTITUTION WHEN IT IMPOSED MORE THAN THE MINIMUM PRISON TERM ALTHOUGH MR. WRIGHT HAS NOT SERVED A PREVIOUS PRISON TERM, IMPOSED THE MAXIMUM SENTENCE FOR EACH COUNT, AND ORDERED THE SENTENCES TO RUN CONSECUTIVELY BASED UPON FACTUAL FINDINGS NOT ADMITTED IN THE PLEA AND SENTENCING PROCEEDINGS AND NOT FOUND BY PROOF BEYOND A REASONABLE DOUBT."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT FAILED TO STATE ITS REASONS FOR IMPOSING MAXIMUM SENTENCES AND CONSECUTIVE SENTENCES, AS REQUIRED BY R.C. § 2929.19(B)(2). THE SENTENCES ARE THEREFORE CONTRARY TO LAW. THIS ERROR DEPRIVED MR. WRIGHT OF HIS RIGHTS UNDER OHIO'S SENTENCING STATUTES AND HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER [THE] OHIO AND UNITED STATES CONSTITUTIONS."
FOURTH ASSIGNMENT OF ERROR:
"APPELLANT'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY FAILING TO CHALLENGE THE TRIAL COURT'S INACCURATE CHARACTERIZATION OF APPELLANT'S CRIMINAL RECORD. COUNSEL'S INEFFECTIVE ASSISTANCE DEPRIVED APPELLANT OF HIS RIGHTS UNDER THE FIFTH, SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS TEN AND SIXTEEN OF ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 3} On September 17, 2003, the Scioto County Grand Jury returned an indictment charging appellant with: (1) two counts of burglary, in violation of R.C. 2911.12(A)(2); (2) one count of burglary with a firearm specification, in violation of R.C. 2911.12(A)(2) R.C. 2941.141/2929.14(D)(1)(a); (3) one count of grand theft with a firearm specification, in violation of R.C. 2913.02(A)(1), (B)(1)(4) R.C.2941.141/2929.14(D)(1)(a); and (4) one count of theft from an elderly/disabled person, in violation of R.C. 2913.02(A)(1)/(B)(3). Appellant pled guilty to two reduced charges of burglary in violation of R.C. 2911.12(A)(3).
 {¶ 4} At the July 2, 2004 sentencing hearing, the trial court, noting appellant's lengthy criminal history, imposed a five year prison term for each offense and further ordered that the sentences be served consecutively. This appeal followed.
 {¶ 5} At this juncture we deem it necessary to note that appellee's brief does not contain (1) detailed arguments that point to relevant and specific portions of the transcript; and (2) arguments supported by citations to relevant authority. See App.R. 16(B) and (A)(7). Additionally, in response to appellant's first and third assignments of error appellee cites a trial court's "broad discretion" in sentencing matters. The current felony sentencing laws, however, do not employ the traditional "abuse of discretion standard". See, e.g., State v. McIver,
Vinton App. No. 04CA594, 2005-Ohio-1296, at ¶ 14; State v. Stapleton,
Lawrence App. No. 03CA28, 2004-Ohio-1859, at ¶ 13; State v. Persons
(Apr. 26, 1999), Washington App. No. 98CA19.
 {¶ 6} App.R. 18(C) provides that if an appellee fails to file a brief, a reviewing court may accept appellant's statements of facts and issues as correct and reverse the trial court's judgment if the appellant's brief reasonably appears to sustain such action. A reviewing court may also apply App.R. 18(C) if a brief does not comply with the applicable appellate rules. See, e.g., State v. Rhodes (Jun. 16, 1983), Cuyahoga App. No. 45787; Friedman v. Friedman (Jan. 5, 1978), Cuyahoga App. No. 36725. In the case sub judice, we conclude that appellee's brief fails to comply with the appellate rules. We further note that appellant's third assignment of error, in which appellant asserts that the trial court erred by not specifying reasons for imposing maximum sentences and by ordering the sentences to be served consecutively, reasonably warrant the reversal of the trial court's judgment.
 {¶ 7} Appellant's burglary convictions are both third degree felonies. See R.C. 2911.12(C). Available prison sentences are one, two, three, four or five years. R.C. 2929.14(A)(3). Appellant is correct that he received the maximum allowable term of imprisonment for these offenses. R.C. 2929.12(A) states that a trial court imposing a felony sentence has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. In exercising that discretion, courts must consider R.C. 2929.12(B)(C) which sets out factors that make the crime more serious or less serious. See State v. Kerns, Scioto App. No. 04CA2936, 2005-Ohio-2578, at ¶¶17-18. We recognize, however, that R.C. 2929.12(A) does not require specific findings as to each particular factor in subsections (B) and (C). State v. Mustard, Pike App. No. 04CA724, 2004-Ohio-4917, at ¶¶ 23;State v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57. Rather, it is sufficient if the record supports an inference that the court examined the pertinent factors. Mustard, supra, at ¶ 23; State v. Cody (Oct. 30, 2001), Washington App. No. 00CA56; also see State v. Fisher, Lake App. No. 2002-L-020, 2003-Ohio-3499, at ¶ 11.
 {¶ 8} In Kerns, supra at ¶¶ 21-25, we reversed the trial court's sentencing order because the scant transcript did not support an inference that the court considered the requisite factors. We believe that the Kerns situation applies here. Although the trial court did refer to appellant's history of "criminal activity," his "pattern of alcohol or drug abuse" and the "severe economic harm" suffered by the victims, these are the only factors cited at the hearing and none were made in a detailed reference to the aforementioned statutes.[1] Also, with respect to R.C. 2929.12(B)(C), the trial court only referred to the "reasons stated on the record" rather than to specific factors. The court repeated this reference throughout its analysis without specifying those reasons. This is inadequate to give rise to an inference that the court considered the R.C. 2929.12(B)(C) factors before it imposed maximum sentences.
 {¶ 9} We also find that the trial court failed to follow R.C.2929.14(E)(4) and 2929.19(B)(2)(c) before it imposed consecutive sentences. The Ohio Supreme Court held in State v. Comer,99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165, at paragraph one of the syllabus, that courts must state at the sentencing hearing their reasons (not merely the court's findings) for imposing consecutive sentences. Again, similar to the trial court's decision to impose maximum sentences, the trial court's reason for consecutive sentences was for "the reasons stated on the record." This is inadequate to comply with either the statute or Comer.
 {¶ 10} For these reasons, (1) we sustain appellant's third assignment of error; (2) we reverse the trial court's judgment and (3) we remand this matter to the trial court for resentencing. Having sustained the third assignment of error, the other assignments of error are hereby rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c). On remand, however, and prior to resentencing, appellee and the trial court should examine and consider the issues appellant raises in his remaining assignments of error.[2]
Judgment reversed and case remanded for further proceedings consistent with this opinion.
[1] We note, as appellant argues in his fourth assignment of error, that the trial court may have mischaracterized some of appellant's criminal history. Most of appellant's criminal problems took place in Oregon and are listed in the PSI as having an unknown disposition. The court also refers to several charges which were dismissed. While the court simply refers to these as appellant's "criminal history," we agree with appellant that the court's remarks about appellant's "history of criminal conduct" gives the impression that the incidents listed in the PSI were treated as convictions when that view may not have been correct. On remand the parties should endeavor to determine the actual outcome of appellant's prior criminal charges.
[2] We emphasize that our ruling should not be construed as a comment on the propriety of imposing either maximum or consecutive sentences. Rather, we found only that the trial court did not comply with the relevant authorities by stating on the record its reasons for imposing such sentences. Additionally, we sympathize with all trial courts in their attempt to comply with Ohio's complex and convoluted felony sentencing statutes.