STANLEY MILLER CONSTRUCTION CO., Appellee and Cross–Appellant,

v.

OHIO SCHOOL FACILITIES COMMISSION
et al., Appellants and Cross–Appellees.

Stanley Miller Construction Company, Appellee and Cross–Appellant,

v.

State of Ohio et al., Appellees;  Ohio School Facilities Commission
et al., Appellants and Cross–Appellees.

Stanley Miller Construction Co., Appellant and Cross–Appellee,

v.

The State of Ohio, Appellee;  Ohio School Facilities
Commission et al., Cross–Appellants.

Stanley Miller Construction Co., Appellant and Cross–Appellee,

v.

Ohio School Facilities Commission et al., Appellees and Cross–Appellants.

[Cite as *Stanley Miller Constr. Co. v. Ohio School Facilities
Comm.*, 192 Ohio App.3d 676, 2011-Ohio-909.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 10AP–298, 10AP–299, 10AP–432, 10AP–433.

Decided March 1, 2011.

Day, Ketterer Ltd. and Matthew Yackshaw, for appellee and cross-appellant, Stanley Miller Construction Co.

Michael DeWine, Attorney General, and William C. Becker, Jon C. Walden, and James E. Rook, Assistant Attorneys General, for appellant and cross-appellee Ohio School Facilities Commission.

Morrow & Meyer, L.L.C., and John C. Ross, for appellant and cross-appellee Canton City School District Board of Education.

---

CONNOR, Judge.

{¶ 1} Appellee and cross-appellant, Stanley Miller Construction Company ("Stanley Miller"), has filed an application for en banc consideration or, in the alternative, for reconsideration of this court's December 28, 2010 decision, in which we reversed the judgments of the Court of Claims of Ohio. *Stanley Miller Constr. Co. v. Ohio School Facilities Comm.*, Franklin App. No. 10AP–298, 2010-Ohio-6397, 2010 WL 5544013. Appellants and cross-appellees, Ohio School Facilities Commission, the state of Ohio, and the Canton City School District Board of Education (collectively, "OSFC"), have filed a joint memorandum in opposition. Stanley Miller has filed a reply in further support of its applications. For the reasons that follow, we deny Stanley Miller's applications.

{¶ 2} Regarding to Stanley Miller's application for en banc consideration, it is clear that the purpose for convening en banc is "to resolve an intradistrict conflict on a point of law so that the disputed issue may be conclusively settled in that district." *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 10, citing *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 20. En banc consideration is appropriate to avoid the risk of confusion that necessarily arises when intradistrict conflicts exist. Moreover, appellate decisions are "applicable precedent unless and until they are formally overruled." Id. at ¶ 15, citing S.Ct.R.Rep.Op. 4(B).

{¶ 3} With respect to Stanley Miller's argument that we must convene en banc to resolve a conflict between decisions of this court, we see no conflict. The purported conflict is between our decisions in *Conti Corp. v. Ohio Dept. of Adm. Servs.* (1993), 90 Ohio App.3d 462, 629 N.E.2d 1073, in which we recognized a vain-act exception to the general rule requiring an exhaustion of administrative remedies in state contracting cases, and *Cleveland Constr., Inc. v. Kent State Univ.*, 10th Dist. No. 09AP–822, 2010-Ohio-2906, 2010 WL 2553694, in which we explicitly overruled *Conti* and held that no such exception exists.

{¶ 4} Based upon *Cleveland Constr.*, it is clear that *Conti* may not be considered valid law in this district. The issue of whether a vain-act exception exists has therefore been settled in this district. As a result, no conflict exists, and en banc consideration is not necessary. See *McFadden v. Cleveland State Univ.*, 180 Ohio App.3d 810, 2009-Ohio-362, 907 N.E.2d 742 (generally recognizing that conflict existed, at the latest, when the case was previously overruled, and therefore "there is no risk of confusion regarding the law applicable to this case and cases like it"). We accordingly deny Stanley Miller's application for en banc consideration.

{¶ 5} Stanley Miller also presents an application for reconsideration under Ohio App.R. 26(A)(1). In support, Stanley Miller argues that *Cleveland Constr.* should be applied prospectively only. It argues that it had vested and contractual rights under *Conti*, which were impacted by *Cleveland Constr.* It further argues that it would be inequitable to apply *Cleveland Constr.* retrospectively.

{¶ 6} When presented with an application for reconsideration, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision, or raises an issue for consideration that was either not considered at all or not fully considered by the court when it should have been. *State v. Rowe* (Feb. 10, 1994), 10th Dist. No. 93AP–1763, 1994 WL 41312, citing *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 450 N.E.2d 278. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens* (1996), 112 Ohio App.3d 334, 336, 678 N.E.2d 956. "App.R. 26 does not provide specific guidelines to be used by an appellate court when determining whether a decision should be reconsidered or modified." Id. at 335, 678 N.E.2d 956.

{¶ 7} In its merit brief before this court, Stanley Miller's argument in favor of a prospective application of *Cleveland Constr.* consisted of a mere reference to and incorporation of "all the reasons so ably stated by the contractor in its Application for En Banc Hearing or in the Alternative for Reconsideration filed on July 7, 2010, in the [*Cleveland Constr.*] case."

{¶ 8} Under App.R. 16(B), an appellee's brief must conform to the same requirements as an appellant's brief. Under App.R. 16(A)(7), an appellant's brief must set forth "[a]n argument containing *the contentions of the appellant.*" (Emphasis added.) Therefore, as is generally understood, an appellee must set forth an argument containing the contentions of the appellee. These procedural rules support the well-settled principle that it is not the court's duty to root out arguments supporting a party's position on appeal. *Reid v. Plainsboro Partners, III,* 10th Dist. No. 09AP–442, 2010-Ohio-4373, 2010 WL 3610931, ¶ 22, quoting *State v. Breckenridge,* 10th Dist. No. 09AP–95, 2009-Ohio-3620, 2009 WL 2196764, ¶ 10, citing *Whitehall v. Ruckman,* 10th Dist. No. 07AP–445, 2007-Ohio-6780, 2007 WL 4395439, ¶ 20. Indeed, it is improper for an appellate court to construct legal arguments to support a party's position. Id., citing *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 94. Were we to recognize the position presented in Stanley Miller's merit brief as a proper argument, we wonder whether anything would prevent parties from attaching countless briefs from countless cases and merely "[incorporating] the reasons and authorities set forth in the Application as if fully rewritten herein."

{¶ 9} After considering the position presented in Stanley Miller's merit brief, we specifically rejected any purported contention that *Cleveland Constr.* should have prospective effect only. *Stanley Miller Constr. Co.* at ¶ 19. Stanley Miller now criticizes this court for having not undertaken a sufficient analysis of the issues it purportedly argued. We refuse to do so because Stanley Miller has failed to raise an issue that was either not considered at all or not fully considered by the court when it should have been. Accordingly, we deny Stanley Miller's alternative application for reconsideration.

> Application for en banc consideration
> or, in the alternative,
> for reconsideration, denied.

SADLER and DORRIAN, JJ., concur.