[Cite as *Martin v. Lake Mohawk Property Owner's Assn., Inc.*, 2011-Ohio-6538.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| EMERY MARTIN, et al. | ) | CASE NO. 10 CA 869 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| LAKE MOHAWK PROPERTIES | ) | |
| OWNER'S ASSOCIATION, INC., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:     Appellants' Joint Application for
Reconsideration and En Banc
Consideration
Case No. 04-CVH-23875

JUDGMENT:     Denied.

APPEARANCES:

For Plaintiffs-Appellants:     Atty. Bruce H. Wilson
789 West Market Street
Akron, Ohio 44303

For Defendants-Appellees,     Atty. John F. Hersch
Robert and Nancy Mizerik:     UAW-Ford Legal Services Plan
8536 Crow Drive, Suite 110
Macedonia, Ohio 44056

For Defendants-Appellees,     Atty. Brian R. Mertes
Lake Mohawk Property Owner's Assoc.:     Black, McCuskey, Souers & Arbaugh
220 Market Ave., South, Suite 1000
Canton, Ohio 44702

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  December 16, 2011

PER CURIAM.

{¶ 1}  Appellants have filed an application for en banc consideration of this appeal under App.R. 26(A)(2) combined with an application for reconsideration of our Opinion pursuant to App.R. 26(A)(1).  We will first deal with the application for en banc consideration.  Under App.R. 26(A)(2)(a), if a majority of the court of appeals judges in an appellate district determine that two or more decisions of the court on which they sit are in conflict, the court "may order that an appeal or other proceeding be considered en banc."  Under App.R. 26(A)(2)(b), the appellant must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue.  Appellants have not cited a conflict between our Opinion in this matter and another opinion of this Court.  The cases cited by Appellant uniformly hold that the trial court has discretion in determining how the costs of an action shall be assessed.  Appellant cites *Wells v. Hoppel* (Jan. 30, 2001), 7th Dist. No. 99-CO-59, in support, but that case did not deal with reimbursement of the costs of transcripts, which was the issue in this appeal.  Further, in *Wells* we held that "a trial court has discretion in determining how costs of an action shall be assessed," which is virtually identical to our holding in the instant appeal.  Id. at *2..  The other case from this appellate district cited by Appellants is *First Natl. Bank of Dillonvale v. Progressive Cas. Ins.*

*Co.* (1993), 94 Ohio App.3d 370, 640 N.E.2d 1147, but this case was overruled in *Bush v. W.C. Cardinal Co.*, 7th Dist. Nos. 02 539 CA, 02 HA 546, 2003-Ohio-5443, and is no longer controlling law. Without a demonstration of the existence of an actual intradistrict conflict, the matter raised by Appellants is not appropriate for en banc consideration. *Stanley Miller Constr. Co. v. Ohio School Facilities Comm.*, 192 Ohio App.3d 676, 2011-Ohio-909, 950 N.E.2d 218. The application for en banc consideration is denied.

{¶ 2} Next, we turn to an examination of the application for reconsideration. "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, paragraph one of the syllabus. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766, ¶16, citing *State v. Owens* (1996), 112 Ohio App.3d 334, 336, 678 N.E.2d 956.

{¶ 3} The issue under review in this appeal was whether Appellants' motion to tax costs was made in a reasonably timely manner. Appellants continue to argue that the request for costs for transcripts was filed in a reasonable period of time. We disagreed with that argument. Mere disagreement with the result of the appeal is not a basis for reconsideration. Appellants also argue that the trial court did not have

discretion to make such a determination based on the analysis for taxing costs found in *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 442 N.E.2d 791, a case from the Eighth District Court of Appeals. The Eighth District overruled *Jones v. Pierson* in *Naples v. Kinczel*, 8th Dist. No. 89138, 2007-Ohio-4851. The Eighth District now applies the holding in *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, which is the case we relied on in our Opinion. *Vance* held that: "Our interpretation of Civ.R. 54(D) is that the phrase 'unless the court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his or her own costs." Id. at 555. We rely on Ohio Supreme Court caselaw rather than appellate caselaw if possible, and we certainly question the value of appellate caselaw that has been rejected by later decisions from that same court. The trial court used its discretion in determining that Appellants should bear the costs of certain transcripts because the request for costs was not made in a timely manner, and we affirmed this decision. The arguments that Appellants raise in this application for reconsideration are simply variations of the arguments raised on appeal, and we have already rejected those arguments. The application for reconsideration is denied. Costs taxed to Appellants.

Waite, P.J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.