[Cite as *Kinderdine v. Mahoning Cty. Bd. of Dev. Disabilities*, 2016-Ohio-5480.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TRACY KINDERDINE, et al. | ) | |
| | ) | |
| PLAINTIFF-APPELLEES | ) | |
| | ) | CASE NO. 2014 MA 0174 |
| VS. | ) | |
| | ) | OPINION |
| MAHONING COUNTY BOARD OF | ) | AND |
| DEVELOPMENTAL DISABILITIES, et al. | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:        Motion for Panel Reconsideration and
                                 En Banc Reconsideration

JUDGMENT:                        Denied.

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: August 19, 2016

APPEARANCES:

For Plaintiff-Appellees

Attorney W. Craig Bashein
Attorney Anthony N. Palombo
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Attorney Paul Flowers
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Attorney Thomas J. Wilson
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503-1811

For Defendants-Appellants

Attorney Todd M. Raskin
Attorney Carl E. Cormany
Attorney Frank H. Scialdone
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio 44139

PER CURIAM.

{¶1} Tracy Kinderdine, et al., Plaintiff-Appellees, filed a motion for reconsideration and reconsideration en banc in the appeal of *Kinderdine et al., v. Mahoning County Educational Service Center*, 7th Dist. No. 14 MA 0174, 0177, 0180, 0181, 2016-Ohio-4815.

{¶2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus.

{¶3} The purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst. Inc.*, 7th Dist. No. 04 MA 0245, 2005–Ohio–3828, ¶ 2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 0066, 2005–Ohio–1766, ¶ 16 (internal citation omitted). Nor is it "a mechanism to raise an entirely new argument and issue to the appellate court that was not raised in the appellate brief." *State v. Wellington*, 7th Dist. No. 14 MA 0115, 2015-Ohio-2095, ¶ 9.

{¶4} In support of reconsideration, the Kinderdines argue that because it was omitted from the opinion, this Court failed to consider "startling testimony" that was favorable to them. This Court fully considered the entire trial record when deciding this appeal. The Kinderdines do not call to our attention an obvious error, but merely proffer a disagreement with the format of the opinion and decision reached by the Court.

{¶5} The Kinderdines have also requested en banc consideration of this appeal. Under App.R. 26(A)(2)(a), if a majority of the court of appeals judges in an appellate district determine that two or more decisions of the court on which they sit are in conflict, the court "may order that an appeal or other proceeding be considered

en banc." The Kinderdines must "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue." *Martin v. Lake Mohawk Property Owner's Assn., Inc.*, 7th Dist. No. 10 CA 869, 2011-Ohio-6538, ¶ 1. "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)

{¶6} In support of en banc consideration the Kinderdines argue that this panel applied a heightened causation standard which deviates from the approach taken in two earlier decisions from this District: *Roberts v. Switzerland of Ohio Loc. Sch. Dist.*, 2014-Ohio-78, 7 N.E.3d 526 (7th Dist.) and *DeMartino v. Poland Local School Dist.*, 7th Dist. 10 MA 19, 2011-Ohio-1466. MCESC argues that there is no intra-district conflict regarding causation.

{¶7} App.R. 26(A)(2) requires a panel's decision to be made on a "dispositive issue." In the present matter, this Court did not find an exception to immunity under R.C. 2744.02(B)(4) that employed a causation analysis which the Kinderdines challenge herein. However, we continued, "even if we were to conclude the exception found in R.C. 2744.02(B)(4) was present, immunity would be restored" under R.C. 2744.03(A)(5). *Kinderdine*, supra, ¶ 23. As the present case does not conflict with *Roberts* and *DeMartino* on a dispositive issue, en banc consideration is not appropriate.

{¶8} The Kinderdines' arguments regarding MCBDD's liability and immunity were fully considered by this Court prior to ruling on the matter. The motion for reconsideration does not call to the attention of this Court an obvious error. Further, the Kinderdines are not entitled to reconsideration en banc as they do not present a

challenge to a dispositive issue. Accordingly, the Kinderdines' motion for reconsideration is denied.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, J., concurs.