[Cite as *Johnson v. Cincinnati Metro. Hous. Auth.*, 2022-Ohio-26.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TAKEITHA JOHNSON, | : | APPEAL NO. C-210240 |
| | | TRIAL NO. A-2000012 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CINCINNATI METROPOLITAN | : | |
| HOUSING AUTHORITY, | | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  January 7, 2022

*O'Connor, Acciani & Levy, LPA,* and *Elizabeth L. Acciani*, for Plaintiff-Appellee,

*Adams Law, PLLC, Jeffrey C. Mando* and *Daniel E. Linneman,* for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellee Cincinnati Metropolitan Housing Authority ("CMHA") brings this appeal to challenge the trial court's denial of summary judgment on the issue of immunity under R.C. Chapter 2744. For the following reasons, we affirm the judgment of the trial court in part, reverse the judgment of the trial court in part, and remand the cause for further proceedings.

## Procedural History

{¶2} On January 2, 2020, plaintiff-appellee Takeitha Johnson filed a complaint against CMHA, alleging causes of action for negligence, breach of duty under R.C. 5321.04, and breach of the implied warranty of habitability. CMHA timely answered the complaint.

{¶3} CMHA filed a motion for summary judgment on October 9, 2020, arguing that it was entitled to immunity under R.C. Chapter 2744. Johnson filed a response in opposition to the motion for summary judgment, asserting that the exception to immunity contained in R.C. 2744.02(B)(4) was applicable in this case. A deposition of Johnson was attached to CMHA's reply in support of its motion for summary judgment.

{¶4} On March 25, 2021, the trial court denied CMHA's motion for summary judgment, finding that a genuine issue of material fact existed as to whether CMHA negligently caused a physical defect on its grounds or buildings under R.C. 2744.02(B)(4). Additionally, the trial court found that "the question of whether CMHA breached their statutory duty to repair the non-slip mat is for a jury." CMHA timely filed a notice of appeal.

## Factual Background

### *Depositional Testimony of Takeitha Johnson*

{¶5}     Johnson began living at 523 Hickory Street ("the premises") in 2012. The premises is a two-story, two-bedroom studio house.  On January 6, 2018, Johnson fell when heading down the stairs because a "rubber mat" on the stairs was "not fixed" or not in the place where it was supposed to be.  The staircase has two flights, and Johnson fell from the top of the stairs to a landing in the middle.  After she fell, her daughter called 911.  Johnson sustained injuries to her wrist, arm, lip, and knee as a result of the fall.  She underwent multiple surgeries on her left arm and wrist.

{¶6}     The mat was on a step at the top of the stairs.  Johnson testified that someone would have to step on the mat to realize there was an issue.  Johnson knew there was an issue with the mat from walking on it every day.  She testified that the mat would "shift" when she would step on it.  When the mat would shift, she would push it back in place with her hands and her leg.  She did this frequently.  She walked through this area multiple times a day.

{¶7}     Johnson informed CMHA there was an issue with the mat during an inspection in March or April of 2017.  The CMHA representative she spoke to took a picture of the step on an iPad and put in a work order.  After the inspection, Ms. Ferguson from CMHA called Johnson and asked if any repairs had been made and Johnson responded that no repairs had been made.  Ms. Ferguson told Johnson to give her about two weeks and she would send someone to fix it.  No one came to make the repairs.  Johnson believed this phone call was in November.  No repairs were made to the step between the inspection and her fall.

{¶8}  Johnson testified that she did not know how the mat was supposed to be secured to the steps.  At the time that she was reporting the issue to CMHA, the mat was loose, but not disconnected from the step.  Some areas of the mat were still connected.  Johnson did not know if this was from glue or nails.  She never tried to remove the mat from the step because she was "not allowed."  She felt the step would have been safer with the mat removed.  CMHA fixed the mat after her fall.

## Law and Analysis

{¶9}  CMHA raises three assignments of error for our review, arguing that the trial court erred in denying summary judgment on the issue of immunity for each of Johnson's three causes of action.  We review the denial of sovereign immunity and the trial court's ruling on a motion for summary judgment de novo.  *Frank v. Southwest Ohio Regional Transit Auth.*, 1st Dist. Hamilton No. C-200015, 2020-Ohio-5497, ¶ 11.  "Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds could come to only one conclusion, and that conclusion is adverse to the nonmoving party."  *Folmer v. Meigs Cty. Commrs.*, 4th Dist. Meigs No. 16CA17, 2018-Ohio-31, ¶ 20.

{¶10}  "The Political Subdivision Tort Liability Act ("Act"), as codified in R.C. Chapter 2744, establishes governmental immunity for political subdivisions and their employees."  *Frank* at ¶ 13.  "The Act 'requires a three-tiered analysis to determine whether a political subdivision should be allocated immunity from civil liability.' "  *Id.*, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10.  " 'The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a

governmental or a proprietary function.' " *Id.*, quoting *Anderson v. Massillon*, 5th Dist. Stark No. 2013CA00144, 2014-Ohio-2516, ¶ 35; R.C. 2744.02(A)(1). "However, political-subdivision immunity is not absolute." *Id.*, citing R.C. 2744.02(B). " 'The second tier of the analysis requires a court to determine whether any of the five listed exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability.' " *Id.*, quoting *Anderson* at ¶ 35. " 'If any of the exceptions to immunity do apply, and if no defense in that section applies to negate the liability of the political subdivision under that section, then the third tier of the analysis requires an assessment of whether any defenses in R.C. 2744.03 apply to reinstate immunity.' " *Id.*, quoting *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 15.

{¶11} Under the first tier, a public housing authority "fits neatly within the definition of 'political subdivision.' " *Torrance v. Cincinnati Metro. Hous. Auth.*, 1st Dist. Hamilton No. C-081292, 2010-Ohio-1330, ¶ 14, citing R.C. 3735.50. There is also "no question that CMHA performs a governmental function by operating a public housing authority." *Dornal v. Cincinnati Metro. Hous. Auth.*, 1st Dist. Hamilton No. C-100172, 2010-Ohio-6236, ¶ 8, citing *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, syllabus. Therefore, under the first tier, CMHA is entitled to immunity under R.C. 2744.02(A)(1) if no exception applies. The parties do not dispute this issue. Accordingly, our focus is on the second tier and whether any of the exceptions in R.C. 2744.02(B) are applicable.

{¶12} The possible exceptions in R.C. 2744.02(B) are:

(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their

5

employees when the employees are engaged within the scope of their employment and authority.

* * *

(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.

(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, * * *.

(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function * * *.

(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under

another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may be sued and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

*First Assignment of Error*

{¶13}  In its first assignment of error, CMHA argues that the trial court erred in denying summary judgment on Johnson's negligence claim because a "loose floor mat" is not a "physical defect" under R.C. 2744.02(B)(4).  Johnson's negligence claim alleged that the premises was owned and maintained by CMHA, CMHA negligently maintained the "non-slip step mat" on the interior staircase of her home, and the "non-slip step mat" detached from a step while she was descending, causing her to fall down the staircase and sustain injuries.

{¶14} "To establish the physical-defect exception [under R.C. 2744.02(B)(4)], a plaintiff must allege that the injury, death, or loss (1) resulted from employee negligence, (2) occurred within or on the grounds of buildings used in connection with a governmental function, and (3) resulted from a physical defect within or on the grounds of buildings used in connection with a governmental function."  *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 15 (1st Dist.), citing *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810, ¶ 15 (4th Dist.).

{¶15}  CMHA only challenges the third element, arguing that the stair mat is not a "physical defect."  Thus, our analysis is limited to whether summary judgment should have been granted because the mat could not be considered a physical defect

under R.C. 2744.02(B)(4). "Although a 'physical defect' is not defined in R.C. Chapter 2744, courts have defined a physical defect as a 'perceivable imperfection that diminishes the worth or utility of the object at issue.' " *R.K.* at ¶ 16, quoting *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶ 25. Put another way, courts have held that the physical-defect exception may apply "if the instrumentality that caused the plaintiff's injury did not operate as intended due to a perceivable condition * * *." *Leasure* at ¶ 20. Conversely, courts have found that the physical-defect exception may not apply "when the instrumentality that caused the plaintiff's injury operated as intended." *Id.* at ¶ 23.

{¶16} For example, in *Leasure*, the appellee, who sustained an injury when she fell on the school gymnasium bleachers, sued the school district, and argued that the failure to properly extend the bleachers resulted in a physical defect. *Id.* at ¶ 3, 7-8. The school district argued that the bleachers could not have constituted a physical defect because they were certified to be in working order. *Id.* at ¶ 26. The court stated:

> In the case sub judice, the failure to properly set up the bleachers caused them to become unstable and, thus, to fail to operate as intended. In other words, the improperly set up bleachers contained a perceivable imperfection that impaired their utility. The bleachers were obviously meant to be used in a safe and stable manner. The improper set up resulted in the bleachers having the ability to move while in use. Appellees did present some evidence that the improperly set up bleachers resulted in the bottom step being shorter than the other steps. If appellees' evidence is believed, the

8

short step constitutes a perceivable imperfection and it also impaired

the bleachers' utility by failing to operate in a safe and stable manner.

*Id.* at ¶ 24. Therefore, the court found that the evidence did not show "that the bleachers performed as intended," because "the bleachers were intended to be set up properly so they would not shift position or move while in use," and "[t]hey were not." *Id.* at ¶ 25. Accordingly, the court agreed with the trial court that genuine issues of material fact remained regarding whether the bleachers constituted a physical defect. *Id.* at ¶ 29.

{¶17} On the other hand, in *Hamrick*, the appellant, a municipal utilities worker who was dispatched to a school bus garage for an issue with water pressure, sued the school district after he entered the bus garage through an unlocked door and was later found seriously injured at the bottom of a "service pit." *Hamrick*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, at ¶ 2-7. The school district, which maintained the garage, argued that the service pit was not a "physical defect" because its purpose was to permit mechanics to get beneath the school buses to perform maintenance and the pit operated as intended. *Id.* at ¶ 18. The appellant argued that the pit should have been covered and that the "lip surrounding the pit" should have been painted a different color. *Id.* at ¶ 23. The court of appeals found that there was no evidence presented of "any discernable imperfection that diminished the utility of either the bus garage or the service pit." *Id.* at ¶ 29. Accordingly, the court stated, "There is nothing of record to suggest that either did not perform as intended or was less useful than designed." *Id.* Therefore, the court affirmed the trial court's grant of summary judgment.

{¶18} We find the instant case to be more comparable to the circumstances in *Leasure*, 2012-Ohio-3071, 973 N.E.2d 810. Like the bleachers, the mat was not in

9

the position it was intended to be and would shift or move while in use. Thus, the evidence does not show that the mat operated as intended. CMHA argues that the only issue with the mat was the "positioning" and as such the value of the mat was not diminished and it remained "capable of operating as intended." However, this is not consistent with the record. Johnson testified that the mat would "shift" when she would step on it. Hence, the issue with the mat is not just where the mat was positioned. The issue is that the mat would move when walked on. The utility of a rubber mat on a stair would certainly be diminished if the mat was in fact loose and would shift when stepped on. Therefore, we find that genuine issues of material fact exist as to whether the mat constituted a "physical defect" under R.C. 2744.03(B)(4). Accordingly, we affirm the trial court's denial of summary judgment on the issue of immunity in regard to Johnson's negligence claim.

*Second and Third Assignments of Error*

{¶19} In its second and third assignments of error, CMHA argues that the trial court erred in denying summary judgment on Johnson's second and third claims because both claims derive from violations of the Landlord-Tenant Act and these claims cannot meet the exception in R.C. 2744.02(B)(5) in order to defeat CMHA's immunity.

{¶20} Johnson did not provide a response to this argument in her brief to this court.[1] "Under App.R. 16(B), an appellee's brief must conform to the same requirements as an appellant's brief." *Ayer v. Morenz-Harbinger*, 1st Dist. Hamilton Nos. C-190687 and C-190716, 2020-Ohio-6861, ¶ 24, citing *Stanley Miller*

---

[1] Johnson also failed to provide a response to this argument in the trial court in her brief in opposition to the motion for summary judgment. The trial court did not directly address whether CMHA was entitled to immunity on these claims in its entry.

*Constr. Co. v. Ohio School Facilities Comm.*, 192 Ohio App.3d 676, 2011-Ohio-909, 950 N.E. 2d 218, ¶ 8 (10th Dist.). Thus, an appellee's brief must contain detailed arguments that comply with App.R. 16(A)(7). *See id.* App.R. 16(A)(7) requires the appellee to present arguments "containing the contentions of the [appellee] with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which [appellee] relies."

{¶21} "These procedural rules support the well-settled principle that it is not the court's duty to root out arguments supporting a party's position on appeal." (Citation omitted.) *Stanley Miller* at ¶ 8. "Indeed, it is improper for an appellate court to construct legal arguments to support a party's position." *Id.*, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, 850 N.E.2d 1218, ¶ 94.

{¶22} If a brief does not comply with the applicable appellate rules, a reviewing court may apply App.R. 18(C). (Citations omitted.) *State v. Wright*, 4th Dist. Scioto No. 04CA2958, 2005-Ohio-5539, ¶ 6. "App.R. 18(C) provides that if an appellee fails to file a brief, a reviewing court may accept appellant's statement of facts and issues as correct and reverse the trial court's judgment if the appellant's brief reasonably appears to sustain such an action." *Id.*

{¶23} Because Johnson did not present any argument in her brief regarding CMHA's second and third assignments of error, we accept CMHA's contentions that Johnson's second and third causes of action derive from violations of the Landlord-Tenant Act contained in R.C. Chapter 5321 and that the only issue to be decided in regard to these claims is whether a claim for a violation of the Landlord-Tenant Act may proceed under the exception to immunity contained in R.C. 2744.02(B)(5). *See* App.R.16(B), App.R. 16(A)(7), and App.R. 18(C). Johnson has not argued any other

applicable exceptions, and we are prevented from constructing an argument for her on appeal. *See Stanley Miller*, 192 Ohio App.3d 676, 2011-Ohio-909, 950 N.E.2d 218, at ¶ 8. Therefore, the sole issue before us on these assignments of error is whether a violation of R.C. Chapter 5321 can proceed under the exception contained in R.C. 2744.02(B)(5).

{¶24} This issue has already been decided by the Ohio Supreme Court in *Moore v. Lorlain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, 905 N.E.2d 606, ¶ 21 (holding that R.C. Chapter 5321 does not expressly impose liability on a political subdivision as required for R.C. 2744.02(B)(5)). Consequently, CMHA is correct that Johnson's claims for violations of R.C. Chapter 5321 cannot proceed under R.C. 2744.02(B)(5). Therefore, we must sustain CMHA's second and third assignments of error and hold that summary judgment should have been granted on these claims. Accordingly, we find that appellant's brief reasonably sustains reversal of the trial court's decision in this regard. *See* App.R. 18(C).

## Conclusion

{¶25} For the foregoing reasons, we overrule the first assignment of error and sustain the second and third assignments of errors. Accordingly, we affirm the trial court's judgment regarding the cause of action for negligence but reverse the trial court's judgment regarding the causes of action for breach of R.C. 5321.04 and breach of implied warranty of habitability. The cause is remanded for further proceedings.

Judgment affirmed in part, reversed in part, and cause remanded.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.